1 | STEPHEN ZELLER, Bar No. 265664
Email address: szeller@deconsel.com
2 | CASEY JENSEN, Bar No. 263593
Email address: cjensen@deconsel.com
3 | members of DeCARLO & SHANLEY,
a Professional Corporation
4 | 533 S. Fremont Avenue, Ninth Floor
Los Angeles, California  90071-1706
5 | Telephone (213) 488-4100
Telecopier (213) 488-4180

Attorneys for Plaintiffs, Carpenters Southwest Administrative Corporation and Board of Trustees For the Carpenters Southwest Trusts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN ALEXANDER ASSOCIATES, INC., a dissolved corporation; DEVELOPERS SURETY AND INDEMNITY COMPANY, a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR: <br><br> 1. DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AS TO JOHN ALEXANDER ASSOCIATES, INC., a dissolved corporation; and <br><br> 2. DAMAGES FOR FAILURE TO PAY CONTRACTOR'S LICENSE BOND AS TO DEVELOPERS SURETY AND INDEMNITY COMPANY |

**JURISDICTION**

1.  This is a civil action to recover fringe benefit contributions and to recover as to contractors license bond. This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145. The Court has jurisdiction over the Second Claim for Relief pursuant to its

supplemental jurisdiction under 28 U.S.C. § 1367, which is also brought pursuant to California Business & Professions Code section 7071.5 et seq.

# FIRST CLAIM FOR RELIEF
# (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AS TO JOHN ALEXANDER ASSOCIATES, INC., a dissolved corporation; and DOES 1 THROUGH 5)
# PARTIES AND OTHERS

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when they have been ascertained.

6. At all relevant times, Southwest Carpenters Health and Welfare Trust,

Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times, the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times, the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

9. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining

agreements involved.

12. At all relevant times, employer, JOHN ALEXANDER ASSOCIATES, INC., a dissolved corporation, and DOES 1 through 5, ("EMPLOYER") was and is a California corporation and contractor engaged in the construction industry within the jurisdiction of the relevant UNIONS.

13. JOHN ALEXANDER ASSOCIATES, INC., a dissolved corporation, was a California corporation and on September 28, 2018, a Certificate of Dissolution was filed with the Secretary of State. JOHN ALEXANDER ASSOCIATES, INC., is now a dissolved corporation.

**OPERATIVE ALLEGATIONS**

14. On or about the date set forth thereon, EMPLOYER's predecessor made, executed and delivered to the UNION, Tilt-Up Construction Labor Agreement dated August 4, 2000 ("TILT-UP AGREEMENT"). A true and correct copy is attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

15. The TILT-UP AGREEMENT binds EMPLOYER's predecessor to the terms and conditions of the Master Labor Agreement between the United General Contractors Association, Inc. and the Southwest Regional Council of Carpenters and its affiliated Local Unions, United Brotherhood of Carpenters and Joiners of America, and the UNIONS, and any renewals or subsequent Master Labor Agreements, and the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS"). The PLANS are third party beneficiaries of the TILT-UP AGREEMENT and Master Labor Agreements.

16. On or about January 25, 2007 EMPLOYER executed a Membership Application with the United General Contractors, Inc., and EMPLOYER authorized the Association to bind the EMPLOYER to the Carpenters Master Labor Agreement ("Membership Application"). A true and correct copy is attached hereto, marked

respectively as Exhibit "2" and incorporated herein by reference.

17. On or about January 26, 2007 a representative of the United General Contractors, Inc., notified the Southern California Conference of Carpenters that EMPLOYER, JOHN ALEXANDER ASSOCIATES, INC., would be assuming the contract signed by his predecessor, Johnston-Alexander Associates ("New Member Notification"). A true and correct copy is attached hereto, marked respectively as Exhibit "3" and incorporated herein by reference

18. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

19. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles.

20. In acknowledging both that the regular and prompt payment of employer contributions is essential to the maintenance of the PLANS, and the extreme difficulty, if not impracticability, of fixing the actual expense and damage to the PLANS when such monthly contributions are not paid when due, the AGREEMENTS provide that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. This amount shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late.

21. EMPLOYER engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction within the jurisdiction of the AGREEMENTS undertaken by EMPLOYER during the term of the AGREEMENTS.

22. EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGREEMENTS, and there is now due and owing the PLANS from EMPLOYER the amounts set forth in Exhibit "4".

23. The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER business records if an audit by the PLANS indicates that EMPLOYER failed to report and pay all contributions.

24. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

25. The PLANS have conducted an Audit, which indicates that EMPLOYER failed to report and pay all contributions owed during this time period. A true and correct copy of the Audit Invoice No. 21757 (social security numbers redacted), dated July 31, 2018, is attached as Exhibit "5".

26. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGREEMENTS.

27. It has been necessary for PLAINTIFFS to engage counsel to bring this action to recover the delinquent fringe benefit contributions. Pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this matter.

28. The PLANS have complied with all conditions precedent.

29. CSAC has, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

## SECOND CLAIM FOR RELIEF
## (DAMAGES FOR FAILURE TO PAY CONTRACTOR'S LICENSE BOND AS TO DEVELOPERS SURETY AND INDEMNITY COMPANY; and DOES 6 THROUGH 10)

30. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 29 of their First Claim for Relief and allege for a Second Claim for Relief against DEVELOPERS SURETY AND INDEMNITY COMPANY, a California corporation, and DOES 6 through 10, ("DEVELOPERS SURETY"), for failure to pay contractor's license bond.

31. At all times herein mentioned, DEVELOPERS SURETY was, and now is, a California corporation duly authorized under the laws of the State of California to transact a general insurance and surety business in the State of California and is an admitted surety.

32. On or about January 1, 2016, DEVELOPERS SURETY issued to EMPLOYER, a Contractor's License Bond, Policy Number 548817C, in the penal sum of $15,000.00.

33. The bond was issued, inter alia, for the benefit of an express trust fund established pursuant to a collective bargaining agreement to which an employer is obligated to make fringe benefit payments.

34. The PLANS were, and are now, express trust funds within the meaning of the Contractors' License Law of the State of California, as amended.

35. Because EMPLOYER has breached its primary obligation by failing to pay fringe benefit contributions, DEVELOPERS SURETY is liable for that obligation to the maximum allowable by law.

///

WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**
**(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AS TO JOHN ALEXANDER ASSOCIATES, INC, a dissolved corporation; and DOES 1 THROUGH 5)**

1. For unpaid contributions in the sum of $220,493.85;
2. For interest and liquidated damages, as provided in the AGREEMENTS;
3. For audit costs;
4. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined.

**FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF**
**(DAMAGES FOR FAILURE TO PAY CONTRACTOR'S LICENSE BOND AS TO DEVELOPERS SURETY AND INDEMNITY COMPANY; and DOES 6 THROUGH 10)**

1. For unpaid contributions in the sum of $4,000.00 or the maximum allowed on the bond, whichever is greater;
2. For interest on the unpaid contributions at the rate prescribed by law.

///
///
///
///
///
///
///
///

**AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:**

1. For reasonable attorneys' fees;
2. For costs of this action;
3. For further contributions according to proof; and
4. For such other and further relief as the court deems proper.

Dated: May 2, 2019

DeCARLO & SHANLEY,
a Professional Corporation

By: /s/ Stephen Zeller
STEPHEN ZELLER
Attorneys for Plaintiffs,
Carpenters Southwest Administrative Corporation and Board of Trustees for the Carpenters Southwest Trusts